IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BANK OF MONTREAL, | : | |
| Plaintiff, | : | No. _____ |
| - against - | : | |
| OPTIONABLE, INC., MF GLOBAL INC., KEVIN P. CASSIDY, EDWARD J. O'CONNOR, MARK A. NORDLICHT, RYAN B. WOODGATE, SCOTT CONNOR and JOSEPH D. SAAB, | : | No. 09-CV-7557 (GBD) (JLC) (Pending in the Southern District of New York) |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

Plaintiff Bank of Montreal ("BMO") submits this memorandum of law in support of its motion for an order compelling non-parties Hazan Energy LLC ("Hazan") and Bromley Energy Partners LLC ("Bromley") to produce documents pursuant to the subpoenas *duces tecum* served upon them on December 2, 2010 (the "Subpoenas"). (Haggerty Decl.[1] Exs. A and B.) In support of its motion, BMO states as follows:

The New York Action

      1.     This subpoena enforcement proceeding arises out of an action pending in the United States District Court for the Southern District of New York titled *Bank of Montreal v. Optionable, Inc., et al.*, No. 09-CV-7557 (GBC) (JLC) (the "New York Action").

---

[1] The Declaration of Timothy M. Haggerty, sworn to on May 10, 2011, has been submitted along with this memorandum in support of the motion.

2. In its complaint, BMO alleges that the defendants, two brokerage firms and certain of their officers, directors, and employees, colluded with a BMO natural gas trader to defraud BMO by concealing large losses caused by the trader's trading strategies. The defendants did this by, among other things, providing supposedly "independent" market price quotations to BMO that were actually fictitious quotes supplied by BMO's natural gas trader to the defendants.

3. In a further attempt to hide these losses, the trader and certain of the defendants developed the idea of "exchange of options for options" ("EOO") trades, whose sole purpose was to record large artificial profits to cover up the trader's mounting losses. The trader entered into these EOO trades with numerous counterparties that are not defendants in the New York Action, including Hazan and Bromley. The Subpoenas seek documents from Hazan and Bromley concerning the EOO trades.

The Subpoenas

4. On December 2, 2010, the Subpoenas were issued out of this Court pursuant to Federal Rule of Civil Procedure 45, and were served upon W/K Incorporating Services, registered agent for both Hazan and Bromley. (*See* Proofs of Service, Haggerty Decl. Exs. C and D.)

5. The Subpoenas describe the documents concerning the EOO trades that Hazan and Bromley are to produce. The return date of both Subpoenas was January 10, 2011.

6. Neither Hazan nor Bromley has responded to the Subpoenas. They have not produced documents or served objections, and they have not responded to BMO's attempts, through counsel, to discuss compliance with the subpoenas and avoid motion practice before this Court. (Haggerty Decl. ¶¶ 10-13.)

7. Rule 45 sets forth the duties of a subpoenaed entity and the procedures it must follow if it objects to a subpoena. *See* Fed. R. Civ. P. 45(c)-(d). Rather than following those procedures, Hazan and Bromley simply have ignored the Subpoenas, including by failing to respond to counsel's attempts to engage in a pre-motion dialogue regarding them. Given Hazan's and Bromley's failure to obey the Subpoenas and complete disregard for their obligations under the Federal Rules of Civil Procedure, an order directing Hazan and Bromley immediately to comply with the Subpoenas – with contempt sanctions if they do not comply – is reasonable and necessary under the circumstances. *See Software Rights Archive, LLC v. Google, Inc.*, Misc. No. 09-017, at *4 (D. Del. May 29, 2009) (granting motion to compel and ordering respondents to produce documents responsive to subpoena, where respondents refused to produce any documents based on written objections); Fed. R. Civ. P. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."); *Green v. First Correctional Medical, L.L.C.*, No. Civ. 04-027, 2006 WL 3293416, at *2 (D. Del. Nov. 13, 2006) (failure of subpoenaed parties to produce documents in compliance with subpoena "may result in a finding of contempt pursuant to Fed. R. Civ. P. 45(e)"); *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) ("Where a party fails to object to a subpoena and also fails to comply, 'it may be held in contempt, pursuant to Rule 45[(e)], and sanctions may therefore be imposed.'") (citation omitted).

8. As a minimum sanction for their conduct, Hazan and Bromley should be ordered to pay BMO's reasonable costs and expenses, including attorneys' fees, incurred in making this motion.

WHEREFORE, BMO respectfully requests that the Court enter an order:

(a) compelling the Hazan and Bromley to produce all documents in their possession, custody, or control that are responsive to the Subpoenas within 10 days of the entry of the order;

(b) directing Hazan and Bromley to pay BMO's reasonable costs and expenses, including attorneys' fees, incurred in making this motion; and

(c) stating that if either Hazan or Bromley does not comply with its respective Subpoena within 10 days of the entry of the order, BMO may move by order to show cause for an order holding the non-compliant entity in contempt and imposing appropriate sanctions.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ William M. Lafferty*
William M. Lafferty (#2755)
Bradley D. Sorrels (#5233)
1201 North Market Street
Wilmington, Delaware  19801
(302) 658-9200
  *Attorneys for Plaintiff Bank of Montreal*

OF COUNSEL:

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
Robert J. Lack
Anne E. Beaumont
Lisa S. Getson
Sheela V. Pai
Kenneth N. Ebie
7 Times Square
New York, New York 10019-6708
Tel:  (212) 833-1100

May 10, 2011