IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BANK OF MONTREAL, ) | |
| ) | |
| Plaintiff ) | Misc. Action No. 11-104-SLR |
| ) | |
| v. ) | (No. 09-CV-7557 (GBD)(JLC)) |
| ) | (Case Pending in the S. Dist. of N.Y.) |
| OPTIONABLE, INC., ) | |
| MF GLOBAL INC., ) | |
| KEVIN P. CASSIDY, ) | |
| EDWARD J. O'CONNOR, ) | |
| MARK A. NORDLICHT, ) | |
| RYAN B. WOODGATE, ) | |
| SCOTT CONNOR and ) | |
| JOSEPH D. SAAB, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of September, 2011, having reviewed plaintiff's motion to compel compliance with subpoenas, and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 1) is denied, for the reasons that follow:

1. **Introduction.** On December 2, 2010, plaintiff Bank of Montreal ("plaintiff") issued two subpoenas *duces tecum* ("subpoenas") out of the United States District Court for the District of Delaware, one each to two non-party entities: Hazan Energy LLC ("Hazan") and Bromley Energy Partners LLC ("Bromley"). (D.I. 1) The subpoenas required production at the offices of Morris Nichols Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, DE 19899 by 9:00 a.m., January 10, 2011. (D.I. 3, exs. A and B) Presently before the court is plaintiff's motion to compel compliance with the

aforesaid subpoenas, and to sanction Hazan and Bromley for failing to object or comply with the subpoenas by awarding reasonable costs and expenses, including attorney fees, incurred in making the present motion. (D.I. 2 at 3)

2. **Background.** The issuance of the subpoenas arose out of litigation pending in the United States District Court for the Southern District of New York, as captioned above ("New York action"). (D.I. 2 at 1) In its complaint in the New York action, plaintiff alleges that two brokerage firms (and certain of their officers, directors, and employees) colluded with a natural gas trader ("trader") employed by plaintiff to defraud plaintiff by concealing large losses caused by the trader's actions. (*Id.* at 2) Plaintiff alleges that the scheme by which it was defrauded involved transactions between the trader and numerous non-parties to the New York action, including the two non-parties that are the subject of the subpoenas and the present motion: Hazan and Bromley. (*Id.*) The subpoenas seek only document production from Hazan and Bromley concerning trades with the trader. (D.I. 3, exs. A and B)

3. The subpoenas were issued pursuant to Federal Rule of Civil Procedure ("Rule") 45, and were personally served upon W/K Incorporating Services ("W/K") in Delaware, as registered agent for both Hazan and Bromley. (D.I. 2 at 2) (*citing* D.I. 3, exs. C and D ("proofs of service")) The proofs of service each show the name of the individual accepting the subpoena on behalf of the named entity.

4. Plaintiff alleges, with respect to both subpoenas, that W/K personnel confirmed acceptance of service and stated that: W/K emailed the subpoenas to the Gerald Weinberg P.C. law offices ("Weinberg") in Albany, New York, as counsel and

sole contact for Hazan and Bromley; that Weinberg responded by email instructing W/K that the original subpoenas were to be sent to Weinberg's attention via postal mail; and that W/K mailed the subpoenas, as requested, on December 3, 2010. (D.I. 3 at 2)

5. Plaintiff further alleges that it contacted Weinberg personnel, who confirmed that Weinberg received the subpoenas by mail on December 7, 2010 and forwarded the subpoenas to one Harry Adler of Monsey, New York ("Adler"), the person listed in Weinberg's records as the contact for both Hazan and Bromley. (*Id.* at 3) Adler allegedly failed to respond to messages left by plaintiff's counsel on March 4 and 8, 2011. (*Id.*) On March 9, 2011, plaintiff's counsel sent a letter, with proof of delivery, to Adler requesting contact. (*Id.*, ex. E) As of the date of filing of the present motion, Adler had not responded.

6. **Standard of Review.** Rule 45 requires that, "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then **before it is served**, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1) (emphasis added). "This precautionary measure has been inserted in the rule to prevent ex-parte abusive and illegal use of the subpoena power. The purpose of this notice is to afford other parties . . . the opportunity to object to the production or inspection." *U.S. v. Santiago-Lugo*, 904 F. Supp. 43, 47 (D.P.R. 1995). "[C]ompliance with the notice provision is not a mere formality but serves the important function of streamlining discovery in order to alleviate duplication or delays." *Callanan v. Riggers & Erectors, Inc.*, 149 F.R.D. 519, 520 (D.V.I. 1992). A subpoena that is served without such notice is defective. *See Id.*

7. **Discussion**. Plaintiff has failed to point to evidence of record that it served prior notice of the subpoenas on the other parties to the New York action as required under Rule 45(b)(1). Plaintiff has also failed to point to evidence of record that it provided notice of the present motion. The present motion is unopposed, but that may, in large part, be due to such lack of notice.

8. **Conclusion**. Based upon the foregoing, plaintiff's motion to compel subpoenas is denied.

United States District Judge